CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
SUPRIYA PRASAD
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:21-CR-0121-RFB-VCF-1 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| RYAN KEITH TYLER ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Jennifer Simone</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 27th day of May, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

By   /S/_____
SUPRIYA PRASAD
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. RYAN KEITH TYLER                               Docket No: 2:21-cr-0121-RFB-VCF-1

Petition for Action on Conditions of Pretrial Release

   COMES NOW JENNIFER SIMONE, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant RYAN KEITH TYLER. The defendant initially appeared on May 3, 2021, before U.S. Magistrate Judge Cam Ferenbach and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant is placed in the third party custody of Lavern Wuhlfekuhle.
3. The defendant shall use his/her true name only and shall not use any false identifiers.
4. Travel is restricted to Clark County, Nevada.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall avoid all contact directly or indirectly with any codefendants unless it is in the presence of counsel.
8. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution of this case (defendant permitted to have contact with Lavern Wuhlfekuhle).
9. The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
10. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
11. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
12. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
13. The defendant shall pay all or part of the cost of the testing program based upon his ability to pay as Pretrial Services or the supervising officer determines.
14. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.

15. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
    - Home Detention:  The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
16. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology. - Global Positioning Satellite (GPS) monitoring.
17. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
18. The defendant shall pay all or part of the cost of the location monitoring program based upon his ability to pay as determined by Pretrial Services or the supervising officer. The defendant shall not be employed in, or be present in, any setting directly involving minor children.
19. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
20. The defendant must submit his computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A Pretrial Services Officer, or supervising officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.
21. The defendant shall refrain from possession of pornography or erotica in any form or medium.
22. The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.

Respectfully presenting petition for action of Court and for cause as follows:

1. On March 11, March 17, and March 21, 2021, the defendant submitted a urine sample for a random drug test that tested positive for methamphetamine.  Mr. Tyler denied using methamphetamine in each instance.
2. Laboratory analysis confirmed the defendant's drug tests from March 11 and March 17, 2021 were positive for methamphetamine.  Our office has not yet received laboratory analysis from the defendant's test on March 21, 2021.

**Respectfully presenting petition for action of Court and for cause as follows:**

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.  FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this 28th day of May, 2021 and ordered filed and made a part of the records in the above case. | Executed on this 27th day of May, 2021. |
| | Respectfully Submitted, |

_____
Honorable Cam Ferenbach
U.S. Magistrate Judge

_____
Jennifer Simone *SPB*
U.S. Pretrial Service Officer
Place: Las Vegas, Nevada