CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
SUPRIYA PRASAD
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:21-CR-0121-RFB-VCF-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| RYAN KEITH TYLER | ) | PRETRIAL RELEASE |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Jennifer Simone, Senior U.S. Pretrial Services Officer. I have reviewed that Petition, and I concur in the recommended action requested of the court.

Dated this 27th day of April, 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

By  /S/
SUPRIYA PRASAD
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. RYAN KEITH TYLER                                Docket No: 2:21-cr-0121-RFB-VCF-1

Petition for Action on Conditions of Pretrial Release

COMES NOW JENNIFER SIMONE, SUPERVISORY U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant RYAN KEITH TYLER. The defendant initially appeared on May 3, 2021, before U.S. Magistrate Judge Cam Ferenbach and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant is placed in the third party custody of Lavern Wuhlfekuhle.
3. The defendant shall use his/her true name only and shall not use any false identifiers.
4. Travel is restricted to Clark County, Nevada.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall avoid all contact directly or indirectly with any codefendants unless it is in the presence of counsel.
8. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution of this case (defendant permitted to have contact with Lavern Wuhlfekuhle).
9. The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
10. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
11. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
12. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
13. The defendant shall pay all or part of the cost of the testing program based upon his ability to pay as Pretrial Services or the supervising officer determines.
14. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
15. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.

- Home Detention: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
16. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
- Global Positioning Satellite (GPS) monitoring.
17. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
18. The defendant shall pay all or part of the cost of the location monitoring program based upon his ability to pay as determined by Pretrial Services or the supervising officer. The defendant shall not be employed in, or be present in, any setting directly involving minor children.
19. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
20. The defendant must submit his computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A Pretrial Services Officer, or supervising officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.
21. The defendant shall refrain from possession of pornography or erotica in any form or medium.
22. The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.

On June 11, 2021, the defendant's bond was modified to include the following additional conditions:

- Defendant shall participate in a program of inpatient and outpatient substance abuse therapy and counseling if Pretrial Services considers it advisable.
- Defendant shall pay all or part of the costs of substance abuse therapy.
- Defendant shall submit to a mental health evaluation as directed by Pretrial Services and defendant shall participate in mental health treatment after the evaluation if that seems appropriate by Pretrial Services.
- Defendant shall pay all or part of the mental health evaluation and mental health treatment if that happens, based on ability to pay.

On July 20, 2021, the defendant's bond was modified to include the following additional conditions:

- The defendant is permitted to use a smart phone that connects to the internet for work purposes.
- The defendant must submit his/her computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A Pretrial Services Officer, or supervising officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.
- The defendant must allow Pretrial Services or the supervising officer to install computer monitoring software on any computer and/or internet capable device (as defined in 18 U.S.C. § 1030(e)(1)) he/she uses.

On January 5, 2022, the defendant's bond was modified to include the following additional conditions:

- The defendant shall participate in and complete residential substance use disorder treatment.
- While waiting for placement at a residential substance use disorder treatment facility, Mr. Tyler will be subject to the home incarceration component of location monitoring and may not leave his residence except for medical needs and/or a COVID test.
- Mr. Tyler shall provide Pretrial Services with the results of his COVID test prior to placement at a residential substance use disorder treatment facility.

On January 24, 2022, the defendant's bond was modified to include the following additional condition:

- The defendant's condition requiring him to wear a location monitoring device is temporarily suspended for the duration of his treatment program at Westcare. The location monitoring device will be immediately installed upon completion of the treatment program.

Respectfully presenting petition for action of Court and for cause as follows:

1. On April 22, 2022, Mr. Tyler submitted to a drug test that was positive for methamphetamine. The defendant admitted to using methamphetamine and attempted to discourage his supervising officer to report the positive test to the Court and Pretrial Services in the District of Nevada.

**Respectfully presenting petition for action of Court and for cause as follows:**

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. Executed on this 27th day of April, 2022. |
|---|---|
| Considered and ordered this 28th day of April, 2022 and ordered filed and made a part of the records in the above case. | Respectfully Submitted, |

Honorable Cam Ferenbach
U.S. Magistrate Judge

Jennifer Simone SPB
Supervising U.S. Pretrial Services Officer
Place: Las Vegas, Nevada